UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONIA YOUNG, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> COOK COUNTY SHERIFF TOM DART, in his official ) <br> capacity, as Sheriff of Cook County; ) <br> THE COUNTY OF COOK; and INTERNATIONAL ) <br> BROTHERHOOD OF TEAMSTERS LOCAL UNION 700, ) <br> ) <br> Defendants. ) | Case No. 14-cv-06350 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tonia Young, proceeding *pro se*, has filed a five-count Complaint against Defendants Cook County Sheriff Tom Dart and Cook County (collectively, "the County Defendants") and Defendant Teamsters Local Union 700 ("Local 700"). The County Defendants and Local 700 have moved, separately, to dismiss the Complaint for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, Defendants' Motions [15, 22] are granted. Plaintiff's Motion to "Leave and Amend Complaint" [26] is denied as moot.

### BACKGROUND

On August 18, 2014, Plaintiff filed a four-page Complaint (one page of the Complaint is a duplicate) with several exhibits attached. On October 21, 2014, this Court denied Plaintiff's motion for leave to proceed *in forma pauperis*, finding that Plaintiff did not qualify as indigent because she is employed by the Cook County Sheriff Department. Plaintiff paid the filing fee and re-filed her Complaint on October 27, 2014.

In the first paragraph of the Complaint, Plaintiff alleges that jurisdiction is invoked under, among others, the Civil Rights Act, Title 42 U.S.C. §§ 1981, 1983, and Chapter 21, 2000e-2(A)(1)(2), C (2)(3). On the second page of the Complaint, Plaintiff alleges that this Court's jurisdiction is based on "Title 28 U.S. Code § Chapter 85, A(1)(2)(3)(4)" and arises "due to the lack of hearing and procedures as required by the collective bargaining agreement. . . entered into by local #700 and Cook County & Sheriff Dart, for labor disputes of which has effected [*sic*] Deputy Young." Plaintiff also identifies the parties, noting that Defendants Dart and Cook County are public employers.

Plaintiff then sets out five counts for purported "Civil Rights Violations and Employment Discriminations." Each count consists of one short paragraph and references various exhibits. Based on the exhibits, Plaintiff's claims seem to center on her suspension from her job for allegedly falsifying documents. Count I does not identify any Defendant but refers to a collective bargaining agreement ("CBA") entered into between Defendants. Defendant Dart is named as the Defendant in Count II. Local 700 is named in Counts III and IV, although Count IV itself purports to arise out of Count II. Count V pertains to Defendant Dart. The Complaint contains one remedy section, seeking $175,000 in compensatory and punitive damages as well as attorney's fees under § 1981.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). A complaint must set forth a "'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Bell Atlantic Corp. v. Twombly*,

2

550 U.S. 544, 555 (2007)). Although detailed factual allegations are not required, the complaint must allege sufficient facts "to state a claim to relief that is plausible on its face" and which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

A Rule 12(b)(1) motion challenges federal jurisdiction, and the plaintiff bears the burden of establishing the elements necessary for jurisdiction, including standing, have been met. *Scanlan v. Eisenberg*, 669 F.3d 838, 841-42 (7th Cir. 2012). In ruling on a 12(b)(1) motion, the court may look outside of the complaint's allegations and consider whatever evidence has been submitted on the issue of jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). For purposes of a motion under Rule 12(b)(1) or Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Scanlan*, 669 F.3d at 841; *Tamayo*, 526 F.3d at 1081.

However, the pleadings of *pro se* litigants are not held to the same stringent standards as pleadings drafted by formally trained lawyers; instead, they must be liberally construed. *See Kyle II v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) (citing *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988)). Under this standard, a *pro se* complaint "may only be dismissed if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief." *Wilson*, 839 F.2d at 378. However, the court "is not to become an advocate" for the *pro se* plaintiff, *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996), and the complaint still must be "otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

3

**ANALYSIS**

Each of Plaintiff's Counts is discussed below.

*Count I*

In Count I, Plaintiff alleges a violation of 29 U.S.C. § 108, the Norris-LaGuardia Act, for "noncompliance with obligation in Labor Disputes." Plaintiff alleges that she never received an impartial arbitration hearing relating to a suspension approved by the Cook County Sheriff's Merit Board ("Merit Board") on November 26, 2013. Plaintiff has attached the underlying Merit Board complaint, which alleges that Plaintiff falsified timekeeping and attendance records in her position as a deputy sheriff. (Compl. Exh. 2 A-C.)

Plaintiff has failed to state a claim under this Count. The Norris-LaGuardia Act, 29 U.S.C. § 108, applies to labor disputes in which a party is seeking injunctive relief. *See* 29 U.S.C. § 101 *et seq.* Plaintiff is not seeking injunctive relief. The Norris-LaGuardia Act therefore has no applicability to Plaintiff's claims. Plaintiff has failed to state a claim under this Count.

Furthermore, to the extent that Plaintiff's allegations could possibly be interpreted to allege that Local 700 failed to arbitrate the suspension relating from the Merit Board decision, Plaintiff has failed to state a plausible claim. Plaintiff has attached the collective bargaining agreement (the "CBA") to her Complaint as Exhibit 2C, which states, in Section 14.9, that any disciplinary matters referred to the Merit Board are not subject to the CBA's grievance procedural steps. Consequently, Plaintiff has not stated a claim on this basis.

Likewise, Plaintiff has not stated a *Monell* claim against Sheriff Dart in his official capacity.[1] To state a *Monell* claim against a government entity, a plaintiff must sufficiently allege a constitutional violation "caused by (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with 'final policymaking authority.'" *Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011) (quoting *Darchak v. Chi. Bd. of Ed.*, 580 F.3d 622, 629 (7th Cir. 2009) and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Even construing the allegations liberally and in her favor, Plaintiff has not presented any facts that would establish an underlying Constitutional depravation. Furthermore, even if Plaintiff had alleged that the filing of the Merit Board complaint was a discriminatory act, she has not alleged that Sheriff Dart or Cook County had a widespread practice of retaliation or violations that would establish such a policy or custom to support a *Monell* claim. Consequently, Count I is dismissed for failure to state a claim.

*Count II*

In Count II, Plaintiff cites to "Title 29 U.S. Code § Subtitle B, Chapter XIV, Part 1606.8." Since no such section of the U.S. Code exists, Plaintiff may be intending to allege a violation of Part 1606.8 of the Code of Federal Regulations, which relates to the Equal Employment Opportunity Commission ("EEOC") and 42 U.S.C. § 2000e. Based on the attached exhibit, Plaintiff appears to take issue with Sheriff Dart's counseling resulting from Plaintiff's failure to "turn in [a] floor security sweep sheet" on or about May 5, 2014. (Compl. Ex. 3, 3A.) Plaintiff further alleges that this counseling was done "without any due process." (Compl.)

---

[1] Plaintiff has made no allegations against Sheriff Dart in his individual capacity and states that he is sued in "his official capacity." To the extent that Plaintiff is attempting to sue Sheriff Dart in an individual capacity, those claims are dismissed.

Plaintiff has failed to state a claim on this Count as well. Plaintiff has not alleged a discriminatory or unlawful harassing act that would support an employment discrimination or hostile work environment claim. Likewise, there are no allegations that would support a violation of Plaintiff's Constitutional procedural or due process rights. Finally, there are no allegations at all against Local 700. Therefore, Count II is dismissed.

Furthermore, even if Plaintiff stated a claim under this Count, she has not satisfied the jurisdictional requirements to proceed on a Title VII claim. "In order to maintain a claim under Title VII, a plaintiff must file charges with the EEOC, receive a Right-to-Sue Letter, and act upon it. If these jurisdictional elements are not met, the actions will be dismissed." *EEOC v. Harris*, 10 F.3d 1286, 1288 (7th Cir. 1993). Plaintiff has not alleged that she ever filed a charge with or received a right-to-sue letter from the EEOC. The only reference to the EEOC is found in Plaintiff's Exhibit 4A, which is a 2004 case and unrelated to Plaintiff's 2013 investigation by the Merit Board.[2] Consequently, Count II is dismissed on this separate ground, as well.

*Count III*

In Count III, Plaintiff alleges retaliation under Section 215 of the Fair Labor Standards Act ("FLSA"). Plaintiff alleges that Sheriff Dart and Local 700 retaliated against her for seeking "Collective bargaining through the ratification of another Union being the International Fraternal Order of Police (IFOP), and by further not mediation of case# 2013-0604." (Compl.) Plaintiff appears to be referring to the same Merit Board suspension referenced in Count I.

---

[2] In her response to Defendants' Motions, Plaintiff argues that she has recently received a Right-to-Sue Letter and attaches it as an exhibit. Because dismissal of her claims is without prejudice, Plaintiff will have an opportunity to properly satisfy the jurisdictional requirement.

"Under the FLSA, it is unlawful for an employer 'to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA].'" *Kasten v. Saint-Gobain Performance Plastics Corp.*, 703 F.3d 966, 972 (7th Cir. 2012) (quoting 29 U.S.C. § 215(a)(3)). Plaintiff has not alleged any facts that would plausibly support that she exercised her FLSA rights or that any of the Defendants discriminated against her with respect to the exercise of those rights. She has not given any of the Defendants "fair notice" of what her claims are under the FLSA. Because Plaintiff has failed to state a claim, Count III is dismissed.

*Count IV*

In Count IV, Plaintiff alleges a violation of Section 158 of the Labor Management Relations Act ("LMRA") for "unfair labor practices." She states that this "count applies to the actions of Sheriff Dart and his designees and Local #700 by the previous Count II mentioned. See Exhibit #5." Exhibit 5 appears to be a statement made and signed by Plaintiff regarding the same allegation discussed in Count I above, specifically, that Plaintiff falsified a document and was investigated by the Merit Board.

The LMRA does not apply because Sheriff Dart and Cook County are government employers. "The LMRA does not apply where the employer is 'any State or political subdivision thereof.'" *Harris v. City of Chicago*, 665 F. Supp. 2d 935, 959 (N.D. Ill. 2009) (quoting 29 U.S.C. § 152(2)); *see also Bailey v. Johnson*, No. 90 C 01795, 1990 WL 77508, at *2 (N.D. Ill. May 30, 1990) ("An LMRA suit by a public employee against her public employer should be dismissed for lack of subject matter jurisdiction."); *Long v. City of Saginaw*, 911 F.2d 1192, 1203 (6th Cir. 1990) (dismissing LMRA claim against union by former City employees because the LMRA "exclude[s] states or political subdivisions from the definition of 'employer' ").

Consequently, this Court does not have jurisdiction over an unfair labor practice charge under the LMRA. Count IV is dismissed with prejudice.

*Count V*

Finally, in Count V, Plaintiff alleges "unlawful employment practices" because Sheriff Dart has denied her "a right to be secondary employed elsewhere" and has failed to promote her. There are no allegations about Local 700. Again, Plaintiff has failed to plead any facts and put Defendants on notice of what her claims are. She has not alleged any facts that would support a Constitutional violation or a *Monell* claim. Consequently, Count V is dismissed.

## CONCLUSION

For the reasons discussed above, Defendants' Motions to Dismiss [15, 22] are granted. Count IV is dismissed with prejudice; all other Counts are dismissed without prejudice. Plaintiff is granted leave to amend her claims, if she can do so in accordance with Rule 11, within thirty days of this Order. Failure to do so will result in dismissal of her Complaint with prejudice. Plaintiff's Motion to "Leave and Amend Complaint" [26] is denied as moot.

Date: May 20, 2015

JOHN W. DARRAH
United States District Court Judge