UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONIA YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 14-cv-06350 |
| ) | |
| COOK COUNTY SHERIFF TOM DART, ) | Judge John W. Darrah |
| in his official capacity, as Sheriff of Cook County; ) | |
| THE COUNTY OF COOK; and INTERNATIONAL ) | |
| BROTHERHOOD OF TEAMSTERS LOCAL UNION ) | |
| 700, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tonia Young filed this action against Defendants, Cook County Sheriff Tom Dart and Cook County (collectively, the "County Defendants"), and the International Brotherhood of Teamsters Local Union #700 ("Local 700"), which was dismissed with leave to amend. Plaintiff filed an Amended Complaint on June 17, 2015. Defendants filed Motions to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(g). For the reasons set forth below, Defendants' Motions [37, 41] are granted.

## BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint.

Plaintiff alleges that this Court has jurisdiction over this action based on a right-to-sue letter from the U.S. Department of Justice, which she attached to the Complaint. Plaintiff alleges that Defendants violated her civil rights and alleges violations of the Whistleblower Protection Act of 1989, Title 42 U.S.C. §§ 1981, 1983 and Chapter 21, 2000e-2(a)(1)(2) and C(2)(3). As with Plaintiff's original Complaint, Plaintiff alleges that Count IV names Local 700 as a

defendant, and while Count I does not name Local 700, the allegations implicate Local 700 as a defendant for that count as well. All five counts name the County Defendants as defendants. The Complaint contains one remedy section, seeking compensatory and punitive monetary damages.

Plaintiff filed this First Amended Complaint on June 17, 2015. The County Defendants and Local 700 now individually respond with a Rule 12(b)(6) motion to dismiss and a Rule 12(b)(1), 12(b)(6) motion to dismiss, respectively.

## LEGAL STANDARD

*Rule 12(b)(6)*

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must allege enough facts to support a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to "legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). The complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

*Rule 12(b)(1)*

A Rule 12(b)(1) motion challenges federal jurisdiction, and the plaintiff bears the burden of establishing the elements necessary for jurisdiction, including standing, have been met. *Scanlan v. Eisenberg*, 669 F.3d 838, 841-42 (7th Cir. 2012). In ruling on a 12(b)(1) motion, the court may look outside of the complaint's allegations and consider whatever evidence has been submitted on the issue of jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). For purposes of a motion under Rule 12(b)(1) or Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Scanlan*, 669 F.3d at 841; *Tamayo*, 526 F.3d at 1081.

However, the pleadings of *pro se* litigants are not held to the same stringent standards as pleadings drafted by formally trained lawyers; instead, they must be liberally construed. *See Kyle II v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) (citing *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988)). Under this standard, a *pro se* complaint "may only be dismissed if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief." *Wilson*, 839 F.2d at 378. However, the court "is not to become an advocate" for the *pro se* plaintiff, *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996), and the complaint still must be "otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

**ANALYSIS**

As a preliminary matter, the County Defendants argue that any claims against Cook County should be dismissed because it cannot be held liable for the actions of Sheriff Dart and the Cook County Sheriff's Department. "[A]n Illinois county is separate from the sheriff's office in that county, and therefore a county is not liable for the alleged misconduct by sheriff's

3

office employees." *Mitter v. Cty. of DuPage*, No. 13 C 841, 2013 WL 5951810, at *3 (N.D. Ill. Nov. 7, 2013). While Plaintiff makes no specific allegations against Cook County, to the extent that her Complaint makes any claims against Cook County, they are dismissed[1].

*Count I*

Count I of Plaintiff's Amended Complaint alleges violations of the Whistleblower Protection Act of 1989, 5 U.S.C. § 2302. However, the Whistleblower Protection Act of 1989 is inapplicable to Plaintiff's claim because this statute only applies to federal employees. *Scholl v. Chicago Reg'l Council of Carpenters*, No. 12 C 1806, 2013 WL 474489, at *3 (N.D. Ill. Feb. 6, 2013). In order for Plaintiff to properly claim a cause of action under Count I, she must be a federal employee. Plaintiff does not allege that she is a federal employee and specifically states that "she has never alleged that she was a Federal Employee." (Dkt. 45, ¶1). Thus, Count I is dismissed with prejudice as to both the County Defendants and Local 700.

*Counts II and V*

Counts II and V allege claims against Sheriff Dart in his official capacity, as well as the Cook County Sheriff's Department. To state a *Monell* claim against a government entity, a plaintiff must sufficiently allege a constitutional violation "caused by (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with 'final policymaking authority.'" *Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011) (quoting *Darchak v. Chi. Bd. of Ed.*, 580 F.3d 622, 629 (7th Cir. 2009) and

---

[1] However, "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity. Because state law requires the county to pay, federal law deems it an indispensable party to the litigation." *Carver v. Sheriff of LaSalle Cnty.,* 324 F.3d 947, 948 (7th Cir. 2003). Thus, Cook County could remain a defendant solely in its capacity as indemnitor of Sheriff Dart and the Cook County Sheriff's Department if a claim was stated against them.

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Courts have applied "to suits under § 1981 the principles devised for § 1983 litigation." *Smith v. Chicago Sch. Reform Bd. of Trustees*, 165 F.3d 1142, 1148 (7th Cir. 1999). Further, "[t]he municipality's policy must be the source of the discrimination." *McTigue,* 60 F.3d at 382.

As with Plaintiff's original Complaint, Plaintiff has not presented any facts that would establish an underlying constitutional violation. Count II alleges that Sheriff Dart breached a settlement agreement, and Count V alleges that Plaintiff was denied coverage under the Affordable Healthcare Act and that she was denied the right to secondary employment outside the Cook County Sheriff's Department. Plaintiff's pleadings must "demonstrate the essential policy or custom" that caused the alleged constitutional deprivation. *Smith v. Chicago Sch. Reform Bd. of Trustees*, 165 F.3d 1142, 1149 (7th Cir. 1999). Plaintiff's Complaint contains one reference to a policy, stating that the Cook County Sheriff's Department has a "'harsh' policy and procedure on 'Secondary Employment.'" Plaintiff does not allege that the policy was discriminatory. Plaintiff also fails to allege that the Cook County Sheriff's Department had a widespread practice of retaliation or violations that would establish a policy or custom to support a *Monell* claim.

Even if Plaintiff's Complaint alleged a constitutional deprivation, "a valid § 1983 claim for damages against a state supervisory official in his individual capacity requires 'a showing of direct responsibility for the improper action.'" *Moore v. State of Ind.*, 999 F.2d 1125, 1129 (7th Cir. 1993). Sheriff Dart "cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Id.* at 1125. This can only be done when the supervisory official "knowingly, willfully, or at least recklessly [caused] the alleged deprivation by his action or failure to act." *Id.* at 1129. Plaintiff failed to plead any facts that

5

show that Sheriff Dart caused or participated in any alleged constitutional deprivation, thus, Counts II and V are dismissed.

*Count III*

Count III alleges that the Cook County Merit Board was not authorized to discipline Plaintiff and that the Cook County Sheriff's Department did not allow Plaintiff to remain employed during her suspension. "The Sheriff is an independently-elected constitutional officer who answers only to the electorate, not to the Cook County Board of Commissioners." *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989). Merit Boards act independently from the Sheriff and "exercise purely statutory powers and possess no inherent or common law powers." *O'Grady v. Cook Cty. Sheriff's Merit Bd.*, 260 Ill. App. 3d 529, 534, 632 N.E.2d 87, 91 (1994). Thus, the Cook County Sheriff's Department cannot be held liable for the actions of the Cook County Merit Board. Further, as with Counts II and V, Plaintiff fails to establish a widespread custom or policy of constitutional deprivations to sustain a *Monell* claim against the Cook County Sheriff's Department. Plaintiff fails to state a claim against the County Defendants in Count III, thus it is dismissed.

*Count IV*

Count IV appears to be a harassment claim under Title VII. "In order to maintain a claim under Title VII, a plaintiff must file charges with the EEOC, receive a Right-to-Sue Letter, and act upon it. If these jurisdictional elements are not met, the actions will be dismissed." *EEOC v. Harris*, 10 F.3d 1286, 1288 (7th Cir. 1993). While Local 700 is named as a Defendant in Count IV, Plaintiff does not allege that she filed a charge of discrimination against Local 700 with the EEOC or that she received a right-to-sue letter from the EEOC in relation to any charge against Local 700. Because Local 700 is not named in any right-to-sue letter, the Plaintiff has not

6

exhausted all prior remedies before bringing this suit in federal court. *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006).

While Plaintiff satisfied the jurisdictional requirements under Title VII with regards to the Cook County Sheriff, Plaintiff fails to state a claim on this Count. Plaintiff does not allege any discriminatory or unlawful harassing act that would support a claim under Title VII, i.e. an adverse employment action on the basis of Plaintiff's protected status. Therefore, Count IV is dismissed as to both the County Defendants and Local 700.

## CONCLUSION

For the reasons discussed above, Defendants' Motions [37, 41] are granted. Plaintiff's Amended Complaint is dismissed with prejudice.

Date: December 10, 2015

JOHN W. DARRAH
United States District Court Judge